KING, Judge.
’ The sole issue presented by this appeal is whether or not the sentence imposed on the defendant is excessive.
On April 12, 1985, Earnest J. Turner (hereinafter referred to as the defendant) was charged by bill of information with one count of possession with intent to distribute a Schedule I controlled dangerous substance, marijuana, a violation of. La.R.S. 40:966A(1), B(2) and with one count of possession with intent to distribute a Schedule II controlled dangerous substance, cocaine, a violation of La.R.S. 40:967A(l), B(3). Defendant waived formal arraignment and entered a plea of not guilty to each count. The matter was regularly fixed for trial.
On November 18, 1985, the morning of the scheduled trial, defendant, with counsel, appeared in open court, withdrew his plea of not guilty, and in accordance with a plea bargain agreement between defendant and the district attorney’s office, entered a plea of guilty to the first count of the bill of information charging him with possession of marijuana with intent to distribute. On November 15, 1985 defendant, Earnest J. Turner, was also charged in a separate bill of information with the same two crimes as charged in this case, that is, possession of marijuana with intent to distribute and possession of cocaine with intent to distribute. Pursuant to a plea bargain Turner also pled guilty on November 18, 1985 to the first count of this other bill of information charging him with possession of marijuana with intent to distribute. As an additional part of the plea bargain the second count of each bill of information, charging the defendant with possession of cocaine with intent to distribute, was dismissed together with another charge of possession of a stolen firearm. The State also agreed as part of the plea bargain not to charge defendant as a multiple offender. Following a complete Boy-kinzation,[1] by the court thoroughly explaining to defendant his legal rights, the court accepted defendant’s guilty plea to one count in each of the two bills of information. Sentencing was delayed on each charge until December 2, 1985 to allow time for defense counsel to submit relevant information on sentencing.
On December 2, 1985, defendant was sentenced at the same time on each charge to serve a term of five years at hard labor in the custody of the Louisiana Department of Corrections on each conviction, with the sentences to run concurrently. The court also ordered that the money seized at the time of defendant’s arrest be forfeited to the Metro Narcotics Unit of the Rapides Parish Sheriff’s Department. Defendant *291 appeals his sentence alleging that the sentence is excessive considering the facts and circumstances of this particular case. Defendant has also appealed his sentence on the other charge of possession of marijuana with intent to distribute in State v. Turner, 493 So.2d 292 (La.App. 3rd Cir.1986) in which a separate judgment has been rendered. Since the law and facts are common to each case, our opinion here will be relevant to the other appeal. We affirm the sentences of the defendant on each charge.
FACTS
The facts are not well reflected in the record, however, it appears that on or about April 12, 1985 the Metro Narcotics Unit of the Rapides Parish Sheriffs Office arrested defendant and found in his possession two and one-half pounds of marijuana and four grams of cocaine. Shortly thereafter, the agents again arrested defendant and seized another pound of marijuana and six grams of cocaine along with approximately $2,500.00 in cash. Defendant was also in possession of a firearm reported as a stolen weapon. Defendant was subsequently charged with two counts of possession of marijuana with intent to distribute and two counts of possession of cocaine with intent to distribute as well as with possession of a firearm reported as a stolen weapon.
EXCESSIVENESS OF SENTENCE
Defendant argues that the trial court erred in sentencing him to serve a term of five years at hard labor on each count as this sentence is excessive and constitutes cruel and unusual punishment. Defendant argues that he has received a more stringent sentence for his offenses than others have received for more egregious violations of the statute. He also argues that the amounts of controlled dangerous substances seized in this case are not indicative of distribution. Regardless of the quantities of controlled dangerous substances and cash seized from defendant, he has already admitted that he is guilty of possession of controlled dangerous substances with intent to distribute. As the defendant pleaded guilty to possession with intent to distribute, we find that he is foreclosed from arguing that he did not intend to distribute controlled dangerous substances.
Defendant has been convicted of two violations of La.R.S. 40:966A(1) which provides for a penalty on each conviction of not more than ten years imprisonment at hard labor and a fine of not more than $15,000.00. La.R.S. 40:966B(2). Thus, defendant could have received a total of twenty years imprisonment and $30,000.00 in fines. Instead, he was sentenced to serve only five years on each count to run concurrently. Defendant was not fined, but as part of his punishment the $2,500.00 cash, which was seized at the time of his arrest, was ordered forfeited according to law. La.R.S. 32:1550(3).
The trial judge in his oral reasons for sentencing stated:
“The facts in the file reveal that this was a reduction out of a possible five charges. Further examination into the file reveals that this was not your first time around. Some time ago, you had initially been arrested where the officers found a great deal of marijuana and some cocaine, a great deal of money in your possession. You attempted to get yourself out of that fix by agreeing to cooperate, which you failed completely to do, and then this matter came up, the two counts of possession with intent to distribute. Because of the amount of the marijuana involved, the amount of money, cocaine involved, and your other in-volvment [sic], it’s the sentence of the Court ...”
Defendant attempts to argue that the sentence is disproportionate to the crime committed. As the judge’s reasons for sentencing, and as the record itself demonstrates, it does not appear that the sentence is disproportionate..
“A sentence is excessive if it is grossly disproportionate to the severity of the *292 offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980): In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion.” (Citations omitted.) State v. Morgan, 428 So.2d 1215 at page 1216 (La.App. 3rd Cir.1983), writ den., 433 So.2d 166.
Although it does not appear that the trial judge articulated specific reasons for the sentence, there does appear to be “an adequate factual basis for the sentence in the record.” State v. Lanclos, 419 So.2d 475 (La.1982). There appears to be no abuse of discretion on the part of the sentencing judge. The defendant intended to distribute several kinds of controlled dangerous substances in violation of law and which crime would cause harm to society by its commission. A total of five years imprisonment, out of a possible sentence of twenty years, and no fine out of a possible $30,000.00 in fines, is not excessive and does not shock our sense of justice for these crimes.
This assignment of error is without merit.
For these reasons the convictions and sentences are affirmed.
AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).