LABORDE, Judge.
Defendant, Donald Dial, was arrested on January 31, 1985, for possession and distribution of marijuana. On February 25, 1985, defendant was charged by bill of information with possession of marijuana with intent to distribute, a violation of La. R.S. 40:966A(1). Defendant was arraigned and entered a plea of not guilty. On April 29, 1985, defendant’s motion to suppress was denied by the trial court. This Court denied defendant’s writs on June 17, 1985. Apparently, defendant then fled to Alabama. He was admitted to Bryson Mental Institution on an undetermined date and allegedly underwent treatment for a mental illness for four months. Defendant was subsequently remanded to the custody of Jefferson Davis Parish deputies as a fugitive from justice.
On March 10, 1986, defendant entered a plea of guilty to the charge of possession of marijuana with intent to distribute. On April 28,1986, following a full pre-sentence investigation, a sentencing hearing was held and defendant was sentenced to serve three years in a state penal institution.
FACTS
Defendant and his live-in companion, Anna Marie Solari George, were arrested on January 31, 1985 and charged with possession of marijuana with intent to distribute. Defendant admitted in a video-taped confession to Jefferson Davis Sheriff’s Deputies that he and Ms. George made regular trips to Oakdale (Louisiana) and brought marijuana back to Jennings where they sold it for profit, making as much as $300.00 in one week. Defendant also admitted he sold “speed” to the public for profit. Later, defendant repeated these admissions to the trial judge during the sentencing hearing.
When defendant and Ms. George were arrested the authorities confiscated numerous items of drug paraphernalia, three bags of marijuana, and a .38 caliber pistol. Defendant initially pleaded not guilty but subsequently entered a plea of guilty as charged. Defendant was sentenced following a pre-sentence investigation and sentence hearing. He appeals his sentence alleging one assignment of error.
ASSIGNMENT OF ERROR
Defendant argues that the trial court erred in sentencing him to three years imprisonment as such sentence, under the facts of this case, constitutes excessive, cruel and unusual punishment. Defendant argues that the trial judge failed to comply with La.C.Cr.P. art. 894.1 in (a) that he did not state his considerations and factual basis for the sentence; (b) that he improperly considered the co-defendant’s sentence and thus failed to particularize the sentence to defendant; (c) that probationary treatment was (and is) more appropriate; and (d) that the judge erred in considering erroneous information in the presentence investigation report to the effect that defendant was a fugitive from justice.
The transcript of the sentencing hearing, the presentence report, and the assigned reasons for sentencing clearly indicate that the trial judge did comply with the provisions of La.C.Cr.P. art. 894.1. The judge remarked that he did consider the young age of defendant, 28 years old; defendant’s marital status, single; and defendant’s parental responsibilities, two children — the issue of the live-in relationship with Ms. George. The judge also noted that defend *1321 ant has a prior criminal history as a juvenile and as an adult. For example, in 1978, defendant was convicted and served 24 days for possession of marijuana. In addition to his criminal history, the judge considered other factors:
“You [the defendant] readily admit that you and your co-defendant, Mrs. George, would buy marijuana in Oakdale and bring it back to Jennings to sell for a profit ... You also admit to having sold diet pills or speed on the streets for profit.
In determining an appropriate sentence, I have taken into consideration, as a mitigating factor, your age ... and the fact that this is your first felony conviction.
... I have taken the following aggravating factors into consideration in determining an appropriate length of sentence: one, the nature of the offense, possession of marijuana with intent to distribute; two, the fact that you were in the business of selling marijuana and other drugs for profit; three, that although this is your first felony conviction, you do have a prior history of criminal activity; four, that you are certainly in need of correctional treatment and custodial confinement; and any lesser sentence would deprecate or take away from the seriousness of the offense....”
Initially, the trial judge considered defendant’s flight from justice in formulating his sentence; however, it is obvious the judge accepted defendant’s contention that he was undergoing treatment in a mental health facility. The written reasons for sentencing shows that the trial judge crossed through references made to defendant’s putative flight from justice; additionally, the sentence of six years was scratched out and substituted with a three year term. We note that no error would have been committed even if the trial judge had determined that defendant intentionally fled from justice. The intention could clearly be inferred from defendant voluntarily leaving this jurisdiction after his arraignment and the dismissal of his motion to suppress.
The trial judge articulated several well-supported factors which militated against incarceration and some which favored incarceration.
“Although the trial court need not articulate every aggravating and mitigating circumstance presented in Art. 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the defendant. However, a trial judge’s failure to articulate every factor listed in Art. 894.1 will not necessitate a remand for resentenc-ing when there is an adequate factual basis for the sentence in the record. State v. Lanclos, 419 So.2d 475 (La.1982).” (citations omitted)
State v. Morgan, 428 So.2d 1215, 1217 (La.App. 3 Cir.), writ denied, 433 So.2d 166 (La.1983).
Under La.R.S. 40:966B(2), defendant could have been sentenced to a term of imprisonment at hard labor for not more than ten years and to pay a fine of not more than fifteen thousand dollars for a conviction of La.R.S. 40:966A(1). Defendant was not fined and was sentenced to serve three years imprisonment, less than one-third of the maximum sentence.
“[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion.” (citations omitted)
State v. Morgan, 428 So.2d at 1216.
There was no abuse of discretion on the part of the sentencing judge. Defendant’s *1322 crime poses a serious threat to society and his transactions involved the ongoing business of selling drugs. A total of three years imprisonment out of a possible ten, and no fine out of a possible fifteen thousand dollars, is not excessive.
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.