419 So.2d 475 (1982)
STATE of Louisiana
v.
Clement Davis LANCLOS.
No. 82-KA-0086.
Supreme Court of Louisiana.
September 7, 1982.
*476 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, Jr., Dist. Atty., Robert Brinkman, Asst. Dist. Atty., Counsel for plaintiff-appellee.
W. Simmons Sandoz, of Sandoz, Sandoz & Schiff, Opelousas, for defendant-appellant.
WILLIAM H. BYRNES, III, Justice Pro Tem.[*]
On December 29, 1980 defendant, Clement Davis Lanclos, was charged with aggravated rape. On January 13, 1981 the St. Landry Parish grand jury indicted him for the crime of forcible rape, under La.R.S. 14:42.1. At the arraignment, held on February 25, 1981, defendant pled not guilty. Pursuant to a plea bargain with the state the defendant subsequently withdrew his not guilty plea and, on May 19, 1981, entered *477 a plea of guilty to the crime of sexual battery, La.R.S. 14:43.1. The trial judge accepted the guilty plea after determining that it was made voluntarily and with a full understanding of the nature of the charge and the consequences of the plea. A pre-sentence investigation was ordered by the court at that time. After receiving this report the trial judge sentenced the defendant to serve 10 years at hard labor, the maximum sentence possible under R.S. 14:43.1.
On appeal defendant argues that the trial judge failed to take into account the fact that he was a first offender with no prior criminal record. He further asserts that the trial judge did not stay within the bounds of La.C.Cr.P. Art. 894.1 when he used the plea bargain agreement as a factor in imposing sentence. As a result defendant contends that his sentence is excessive.
The record in this case consists of the defendant's written confession, the transcripts of the guilty plea and sentence hearings, and the pre-sentence investigation. The facts established therein are as follows.
On December 23, 1980 the victim was walking down highway 190 near Opelousas, Louisiana. Defendant approached her on a moped, and asked if he could be of assistance. The victim stated that she needed to get to a telephone, whereupon defendant offered to give her a ride. Defendant then drove her to a secluded spot, ordered her off the vehicle, and made sexual advances, which she resisted. The defendant became violent when faced with this resistance, he tore off her blouse, and forced her to the ground. When the victim resisted further defendant struck her several times in the face, dislocating her jaw. He continued to choke and kick her until she agreed to submit to him. The victim has no clear memory of actually being raped.
The defendant confessed both orally and in writing to the crime although he has since denied the act when questioned by probation officers during the pre-sentence investigation. Following these events the defendant drove the victim back to the highway. Subsequently he turned himself into the police.
The pre-sentence report reveals that the defendant is 20 years old. This is his first felony offense. He has one prior arrest and no juvenile record. However, the prior arrest, which occurred less than six months before the present offense, was on the charge of aggravated rape. Defendant is single and has no dependents. He lives with his parents, two brothers and one sister. He is in good health and was working part time at a local service station at the time of the offense. He had held that job for approximately eight months. Prior to that he had worked as a laborer in several locations for a few months at a time.
At the sentencing hearing the trial judge stated that he felt a lesser sentence would deprecate the seriousness of the crime. He noted that the defendant had received the benefit of a plea bargain whereby his maximum exposure had been reduced from forty years to ten years. The judge felt that the crime was serious enough to warrant confinement. In particular he felt the violence involved indicated a need for confined correctional treatment. The victim in this case begged the defendant not to rape her. In response he beat her, dislocated her jaw, and raped her anyway.
Defendant contends that the trial judge failed to consider the fact that he was a first offender with no prior criminal record. At the sentencing hearing, the trial judge stated that he had considered the guidelines of Article 894.1 and found no mitigating circumstances present. In doing so he fell into error. The court did not give adequate consideration to the defendant's youth and first offender status, both of which were relevant to the determination of the defendant's sentence. State v. Jackson, 360 So.2d 842 (La.1978).
However, the trial judge's failure to comply with Article 894.1 does not automatically render a sentence invalid. This court has held that although Article 894.1 provides useful guidelines for the determination of the nature and length of a sentence, compliance with its provisions is not an end *478 in itself. State v. Wimberly, 414 So.2d 666 (La.1982). Article 894.1 is intended to provide an impartial set of guidelines within which the trial judge's sentencing discretion may be exercised. State v. Price, 403 So.2d 660 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980). Compliance with Article 894.1 further provides a record which is detailed enough to allow for a reasoned review of allegedly excessive sentences. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed this court has held that remand is unnecessary, even where there has not been full compliance with Article 894.1. State v. Boatwright, 406 So.2d 163 (La.1981); State v. McDonald, 404 So.2d 889 (La.1981); State v. Martin, 400 So.2d 1063 (La.1981); State v. Douglas, supra.
In the instant case the record provides factual grounds which are more than adequate to support the sentence imposed. The offense of sexual battery does not fully describe the defendant's conduct. By his own confession he is guilty of rape. The trial judge clearly considered this fact in deciding to impose the maximum sentence on the defendant. His failure to articulate consideration of mitigating factors does not change these facts. The trial judge is given wide discretion in the imposition of sentences within statutory limits. Absent a manifest abuse of that discretion the sentence imposed by a trial judge should not be set aside as excessive. State v. Williams, 412 So.2d 1327 (La.1982); State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982).
This court has held that maximum sentences are appropriate only in cases involving the most serious violation of the relevant statute and the worst type of offender. State v. Jones, 398 So.2d 1049 (La. 1981). In a case such as this, where the offense to which the defendant has pled guilty inadequately describes his conduct, we find no abuse of the trial court's great discretion in imposing the maximum sentence possible for the crime to which the guilty plea is entered. This is particularly true where a significant reduction in potential exposure to imprisonment has been obtained through plea bargaining, and the offense involves violence to the victim.
Defendant further argues that the trial court did not stay within the bounds of Article 894.1 in using the plea bargain agreement as a factor in imposing sentence. This contention is without merit. Article 894.1 is not an exclusive listing of factors to be considered in imposing a sentence. Any and all relevant factors can and should be taken into account by the trial court. The aim of Article 894.1 is to make the punishment fit the criminal as well as the crime. To meet that ideal, a trial judge must consider every circumstance surrounding the offense, including plea bargaining. To do otherwise would be to ignore clearly relevant information which has an important bearing on the true nature of the defendant's conduct and the type of punishment most appropriate for that conduct. This court has upheld sentences which were based in part on the effects of a plea bargain. See State v. Stegall, 377 So.2d 103 (La.1979) State v. Washington, supra. We find no error in the trial judge's use of the plea bargain as a factor in determining the sentence to be imposed on this defendant.
After considering the entire record we decline to substitute our judgment for that of the trial judge regarding the length of this sentence.
The sentence and conviction are affirmed.
AFFIRMED.
NOTES
[*] Judges Charles R. Ward, William H. Byrnes, III and David R. M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.