446 So.2d 820 (1984)
STATE of Louisiana, Appellee,
v.
Willie James RICHARDSON, Appellant.
No. 15845-KA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
Rehearing Denied March 28, 1984.
Nesib Nader, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Robert W. Gillespie, Jr., Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
PER CURIAM.
The defendant, Willie James Richardson, was originally indicted for first degree murder for the killing of Haywood Alexander, Jr., of Shreveport. The defendant, pursuant to a plea bargain agreement, pled guilty to manslaughter and was sentenced to 21 years at hard labor, which is the maximum penalty under LSA-R.S. 14:31. The defendant appeals contending the sentence imposed is excessive. We affirm the sentence.
On July 22, 1979, the 34-year-old victim was killed by a gunshot wound to the chest. The victim had been wrestling with the defendant prior to the shooting. Richardson made a statement to the police in *821 which he related the following sequence of events. He and Haywood Alexander, Jr. were co-workers at the Shreveport City Sanitation Department. The victim and the defendant were wrestling when the victim threw him against a barbed wire fence. The victim was drunk and would not stop when the defendant asked to be released. The defendant struggled free and began fighting in earnest. The fight was broken up and the defendant walked to his car with the intention of leaving. Because Alexander continued to talk to him, the defendant changed his mind and grabbed a pistol from his car. Richardson returned with the pistol and told Alexander to shut up. When the victim attempted to wrestle the gun from his hand, Richardson threw the victim to the ground and shot him in the chest. Alexander died a short time later in route to a nearby hospital.
The defendant's statement was given voluntarily after a Miranda warning. A crime lab report showed that the victim's blood contained .18 percent alcohol. According to the defendant, the victim was not carrying any type of a weapon and this fact was known to the defendant at the time of the shooting. Eyewitness accounts of the shooting corroborate the defendant's statement.
The defendant claims that he was acting in self-defense when he shot the victim. He argues that the circumstances show that the victim was the aggressor, and therefore, do not warrant the sentence imposed. He also contends that the trial court relied too heavily upon the defendant's record of non-violent criminal activity and gave little or no consideration to the mitigating facts surrounding the commission of this offense. We find these arguments to be without merit.
The defendant was arrested and indicted by a grand jury for first degree murder. Before his case could come to trial, the defendant escaped from jail. He remained at large for approximately two and one-half years prior to giving himself up on February 23, 1982. The defendant returned to court on March 2, 1982.
A review of the record shows that the trial court adequately complied with LSA-C.Cr.P. Art. 894.1 in particularizing the sentence to the defendant. The defendant had a previous burglary conviction and was not eligible for probation. The trial court considered the defendant's criminal record which includes a simple burglary conviction and sentence of five years at hard labor. However, the trial court did not give undue weight to the defendant's history of criminal activity. Rather, the court considered all of the factors listed in LSA-C.Cr.P. Art. 894.1 and found none of the mitigating factors applied in this case.
Principally, the court focused on the serious harm involved in this case; that is, the victim's death which resulted from the defendant's act of violence without sufficient provocation. The court found that there were no substantial grounds tending to excuse or justify the defendant's conduct which resulted in the needless and senseless death of another person. The trial court also noted that the defendant's incarceration would not cause excessive hardship to himself or his family.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and that such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. *822 State v. Lanclos, supra. This is particularly true in cases such as the one presently before us where a significant reduction in potential exposure to confinement has been obtained through plea bargaining and the offense involves violence or the death of the victim. See State v. Lanclos, supra.
In the instant case, the defendant benefited considerably from a plea bargain in which his exposure to punishment was reduced from a potential term of life imprisonment for second degree murder to the maximum 21-year penalty for manslaughter. The offense was committed on July 22, 1979, after the June 29, 1979 effective date of Act 74 of 1979 amending LSA-R.S. 14:30 and 30.1. The circumstances of the offense would not have supported a conviction of first degree murder under the amended statute, but would have arguably supported a responsive verdict of second degree murder under the amended statute. As indicated by the sentencing judge, the facts and circumstances of the offense show that there was insufficient provocation for the killing and no substantial grounds tending to excuse or justify the crime. Thus, the offense of manslaughter inadequately describes the defendant's conduct in this case. Furthermore, the state agreed to drop the simple escape charge facing the defendant and not to prosecute him as an habitual offender.
For these reasons, we find that the trial court did not abuse its discretion in imposing the maximum penalty in this instance, and, accordingly, we affirm the sentence imposed.
Affirmed.