MARVIN, Judge.
This 25-year-old mother appeals concurrent sentences to five years at hard labor after pleading guilty to the reduced charges of accessory to felony theft and to two counts of accessory to armed robbery. LRS 14:25, 64, 67. She was initially charged as a principal with her husband and others in the armed robberies and in the conspiracy to commit armed robbery.
Defendant contends that her sentences are excessive under LSA-Const. Art. 1, § 20, because the trial court failed to give sufficient weight to mitigating facts suggested by CCrP Art. 894.1. Admittedly, she was a first felony offender and the mother of two children under six years of age. She asserts that she was a lesser, unknowing, and unwilling participant in the crimes, who acted only under the influence of her husband.
The record shows, however, that the trial court considered the mitigating circumstances, complying with Art. 894.1, and did not abuse its wide discretion in imposing sentences which are supported by the record. We affirm.
FACTS
Shortly before the armed robberies occurred, defendant and her husband, after a “test” drive, of a new Impala, stole that car from the Chevrolet dealer in Oil City. Defendant’s husband and two others, armed with guns, later robbed two tellers at an Oil City bank of $7,000 and fled the scene in the stolen Chevrolet. The Chevrolet was quickly discovered about three miles from Oil City at the end of an obscure dirt road. There the three men met defendant who was waiting in a gray 1982 Chrysler that was seen by witnesses where the Chevrolet was abandoned. The Chrysler belonged to defendant and her husband. The husband’s two accomplices hid in the Chrysler trunk while defendant and her husband drove home where they divided the $7,000. A search warrant for their home produced most of the stolen money and other incriminating evidence. The husband’s accomplices implicated defendant in the planning of the robbery, of the initial flight from the scene, and of division of the money.
The trial court obviously was not impressed with defendant’s categorical denial of any involvement or with her explanation that she merely acted on her husband’s directions to wait in the car while he and the others “did a job.” The court *697 recounted the facts which we have summarized, the details of the PSI report, and specifically weighed the circumstances for and against incarceration. The court also noted that the State may have considered in the plea bargain the factors mitigating defendant’s conduct by reducing the charges against defendant from principal to accessory. Indeed, defendant’s sentence exposure was considerably reduced from 99 years at hard labor without benefit of parole, probation, or suspension on each of two counts of armed robbery to five years with or without hard labor on each of the accessory charges. Such a plea bargain is a proper sentencing consideration. State v. Lanclos, 419 So.2d 475 (La.1982).
SENTENCE REVIEW
The record must factually and legally support the sentence in the light of Art. 894.1 guidelines and must reflect that the sentence is particularized to the crime and to the individual. Every factor of Art. 894.1 need not be discussed or articulated by the sentencing judge. Within these parameters, the trial court has wide discretion to impose a sentence within the range set by the legislature. Appellate courts defer to the trial court’s weighing of the Art. 894.1 sentencing factors and do not disturb the sentence absent an articulated finding of an abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983).
Defendant was to have shared in the proceeds from the robberies. With her husband, she was a principal in the theft of the Chevrolet, and, if she did not participate in the planning of the robbery and getaway, she harbored and concealed the armed robbers who threatened serious harm to others. The trial court did not err in concluding that a lesser sentence would deprecate the severity of the crimes.
Defendant’s concurrent sentences are AFFIRMED.