YELVERTON, Judge.
Defendant, Larry D. Willis, entered a guilty plea to the charge of indecent behavior with a juvenile, a violation of La.R.S. 14:81. He was sentenced to five years in the Louisiana Department of Corrections. Willis appeals the sentence, arguing two assignments of error: (1) The failure of the sentencing court to state for the record the considerations taken into account and the factual basis in imposing sentence; and (2) The imposition of an excessive sentence. Finding merit to the first assignment, we remand for resentencing.
Willis, age 34, was employed as a security officer at Royer Mobile Homes in Lake Charles, Louisiana. On the night of June 1, 1986, while he was on the job he noticed the victim’s vehicle on a dirt path. He approached the vehicle. A friend of the victim was asked to leave and did so. The victim, a 16 year old girl, was then detained by the defendant to wait around for law enforcement officers, and the defendant told her she was being charged with trespassing. During the wait, the defendant fondled her breasts.
The above narration of facts was given to the sentencing judge by the district attorney during the sentencing colloquy after the defendant had changed his plea to a reduced charge of indecent behavior with a juvenile. The defendant had originally been charged with molestation of a juvenile, a violation of R.S. 14:81.2.
During the sentencing colloquy the judge was made aware that the defendant’s criminal record was limited to a previous probation for criminal neglect of family, as well as traffic offenses. The judge learned that the defendant at the time of sentencing was disabled, but that he was still a guard at Royer’s, and that he was then married with two children. A victim’s statement was put in the record indicating that the victim was still receiving professional treatment for the experience and that she was having nightmares.
The sentencing judge declared that he believed defendant needed some sort of correctional treatment, and that any sentence less than five years would deprecate the seriousness of the offense.
The maximum incarceration for indecent behavior with a juvenile is seven years. The five years given was near the maximum. However, it is appropriate in plea bargain situations where the defendant has escaped a possibly greater sentence for a more serious crime by pleading guilty to a lesser charge, for the reviewing court to consider this factor in evaluating the sentencing choice. State v. Lanclos, 419 So.2d 475 (La.1982). In the present case, defendant was originally charged by bill of information with molestation of a juvenile “with the intention of arousing or gratifying the sexual desires of either person by the use of duress, menace, and psychological intimidation”. Thus, the State originally charged the defendant with a violation of R.S. 14:81.2(A) and (B), which carries an imprisonment penalty, with or without hard labor, of not less than one nor more than ten years. Inasmuch as the narration of facts, to which defendant pleaded guilty, suggests that defendant was actually guilty of molestation of a juvenile, and therefore exposed to a maximum ten year imprisonment, the sentence actually imposed was in the mid-range of defendant’s exposure. Nevertheless, because it is a five year hard labor sentence imposed on a first felony offender, it is possible that it is excessive.
Our sentence-review responsibility is accommodated when the sentencing judge tells us what s/he is thinking about when the sentence is handed down. This is usually adequately accomplished when the sentencing judge consciously and on the record adverts to the legislatively imposed sentencing guidelines of La.C.Cr.P. Art. 894.1. The sentencing explanation in the present case falls short of compliance with *838 these guidelines. We are not able from this imperfect record to get a sufficient understanding of the trial court’s sentencing choice to evaluate it for excessiveness and do our job as an appellate court.
There is no presentence investigation report in the record. We can glean from the record nearly nothing about the defendant’s personal history, his family ties and status, his health, and his employment record. There is only the briefest sketch of the circumstances of the offense. The sentencing judge did not explain why this particular offender needed some sort of correctional treatment and why his incarceration at hárd labor should be no less than five years.
We vacate the sentence and remand with instructions to the trial court to resentence the defendant in compliance with C.Cr.P. Art. 894.1. We are not holding that the sentence was excessive or not excessive. What we are holding is that there is not quite enough information in this record for us to give the defendant his right to a review of his sentence for excessiveness.
SENTENCE VACATED; REMANDED FOR RESENTENCING.