PER CURIAM.
The defendant Hargrove was charged with forcible rape and aggravated burglary. Pursuant to an agreement with the State, he pled guilty to sexual battery, (Lá. R.S. 14:43.1), and the aggravated burglary charge was dismissed. The State also agreed to forego prosecuting defendant as a multiple offender in exchange for his plea. The trial judge sentenced defendant to 10 years at hard labor, the maximum imposable for sexual battery. Defendant appeals, claiming the sentence is excessive. For the reasons assigned, we affirm.
At approximately 4:00 a.m. on November 29, 1987, the West Monroe Police Department received a call from the victim complaining of an unwanted visitor in her home. When Sergeant Nelson arrived at her residence, the victim told him that Travis Hargove had entered her home without permission and raped her. The officer searched the house and vicinity, but did not find anyone. He took the victim to the hospital, where an examination revealed a swollen eye, scratches on her side, buttocks and legs, and that she had recently had sexual intercourse.
After the examination, the victim gave a recorded statement. She said she was sleeping on her sofa and awoke to find Hargrove, nude, on top of her. He forced her to have sexual intercourse, stifling her screams with one hand and striking her in the right eye with the other hand. He hit and scratched her several more times, and she eventually stopped resisting for fear that he would continue to beat her. The victim’s three year old daughter woke up during the attack and Hargrove fled. The victim then went to a nearby store and called the police.
The defendant was arrested and charged with simple rape. This charge was later *1198 amended to forcible rape, and the aggravated burglary charge was added. When interviewed by police, defendant first denied going to the victim’s home that night, but later stated she let him in and voluntarily had sexual intercourse with him. He claims she then tried to extort money from him and accused him of rape when he refused to pay. In addition, defendant’s friend gave his attorney a written statement to the effect that defendant and the victim had sexual relations previously, and that the victim had admitted there was no rape involved. Defendant admitted hitting the victim once, but said he did not know how she got the other bruises and scratches on her body.
After reviewing a pre-sentence report, which indicated defendant had an extensive prior criminal record, the trial judge imposed the maximum sentence for the offense of sexual battery. Defendant appealed, claiming the sentence is unconstitutionally excessive and that the trial judge failed to sufficiently articulate and consider the sentencing guidelines of La.C.Cr.P. Art. 894.1. He argues that he is not the worst type of offender, and as the facts and circumstances of this case are disputed, it was not established that this offense was committed in the worst possible manner; thus the court erred in imposing the maximum sentence. He also argues that the trial judge improperly considered, and gave undue weight to, the fact that three members of his family are presently incarcerated.
When reviewing a sentence claimed to be excessive, we must first ascertain from the record that the trial judge took cognizance of the criteria set forth in La.C. Cr.P. Art. 894.1 The trial judge is not required to list every aggravating or mitigating circumstance, but the record must reflect that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of the article, rather than rigid or mechanical compliance with its provisions. Therefore, when the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981).
Here we find the trial judge adequately followed the guidelines of the article. At the sentencing hearing, he reviewed the 32-year old defendant’s criminal record, which contains convictions of illegally carrying a weapon and resisting an officer (1974), unauthorized use of a movable (1987) and criminal trespass, resisting an officer and disturbing the peace (1987). He was also tried and found not guilty of theft in 1973, and in 1975 was charged with second degree murder, pled guilty to manslaughter and received 21 years at hard labor, although he was ultimately paroled for that offense.
The trial judge also reviewed defendant’s employment history, which indicated he had been regularly employed since getting out of the penitentiary 15 months before.
The judge indicated he believed there was substantial evidence that this incident was not a consensual sexual encounter, especially in light of the medical evidence establishing the victim had been badly bruised and scratched. The court further noted this was defendant’s second felony offense, and stated he felt defendant’s background indicated he was not a good probation risk.
The only mitigating factor found by the court was the existence of a dispute concerning how the incident occurred. However, the court found that whatever leniency defendant might be entitled to as a result of this was taken care of by the substantial reduction in sentencing exposure afforded him by the plea bargain. Thus the court imposed a sentence of 10 years, concluding that any lesser sentence would deprecate the seriousness of the offense. The fact that the court inquired *1199 whether his brothers were incarcerated does not require remand. The factors which the record reflects were considered by the court demonstrate that this sentence was based on defendant’s background and behavior, not that of his brothers.
Having found adequate compliance with Art. 894.1, we must now consider the claim of constitutional excessiveness, or whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates Article I, § 20 of the Louisiana Constitution (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock one’s sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
The trial judge has wide discretion in the imposition of a sentence within statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983). In cases where the defendant pleads guilty to an offense which does not adequately describe his conduct, imposition of the maximum sentence is not abuse of discretion. This is particularly true in cases where a significant reduction in potential exposure to imprisonment has been obtained through plea bargaining and the offense involves violence upon a victim. State v. Lanclos, supra; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
As originally charged, defendant faced a maximum of 40 years at hard labor on the forcible rape charge and a maximum of 30 years on the aggravated burglary charge. By agreeing to plead guilty to sexual battery, he limited his exposure to a maximum of 10 years at hard labor. Further, he received substantial leniency when the State agreed not to pursue a conviction as an habitual offender.
Considering the reasons articulated by the trial judge for the sentence imposed and the leniency provided by the plea bargain, we find that the sentencing guidelines of the Code of Criminal Procedure were sufficiently complied with and the sentence imposed is not excessive. Therefore the sentenced is AFFIRMED.