DUFRESNE, Judge.
Defendant, Delona M. Carter was charged by bill of information with violation of LSA-R.S. 40:967 possession with intent to distribute a controlled dangerous substance, to-wit: cocaine. At arraignment, she entered a plea of not guilty; later she withdrew her former plea of not guilty and tendered a plea of guilty to LSA-R.S. 40:967 possession of a controlled dangerous substance: cocaine. On July 20, 1988, defendant was. sentenced to a term of three years at hard labor with credit for time served.
This appeal followed and the defendant alleges that her sentence is excessive and that the trial judge failed to particularize the sentence in accordance with C.Cr.P. art. 894.1.
In our review of the record we find that the defendant entered a guilty plea to the reduced charge of possession of a controlled dangerous substance in violation of LSA-R.S. 40:967. The offense carried a *606 maximum penalty of imprisonment with or without hard labor for not more than five years and fine of up to five thousand dollars.
The initial charge was possession with intent to distribute and carried a maximum penalty of imprisonment at hard labor for not more than ten years and a fine of up to fifteen thousand dollars.
The judge in sentencing the defendant articulated his reasons for the three year sentence and complied with C.Cr.P. art. 894.1. The court was able to consider the benefit the defendant achieved through the plea bargain as well as the fact she was arrested again subsequent to the charged offense. State v. Landos, 419 So.2d 475 (La.1982).
The assignments of error are without merit.
For the foregoing reasons, the conviction and the sentence of the defendant are affirmed.
AFFIRMED.