liWILLIAMS, Judge.
The defendants, Mark Gafford and Gary Beck, were each charged by an amended bill of information with simple rape, a violation of LSA-R.S. 14:48. Pursuant to a plea agreement, each defendant entered a plea of guilty to indecent behavior with juveniles, a violation of LSA-R.S. 14:81. The district court sentenced Gafford to serve six years imprisonment at hard labor and sentenced Beck to serve seven years imprisonment at hard labor. Both sentences were imposed without good time consideration. The district court denied defendants’ motions for reconsideration of sentence. Defendants appeal and urge that their sentences are excessive. We affirm the defendants’ convictions. However, we set aside their sentences and remand the case for resentencing.
FACTS
On the evening of February 9, 1996, in Bossier City, Louisiana, A.P. (“Angela”), who was fifteen years old, was with her friend, C.G. (“Courtney”), a thirteen-year-old. Angela’s boyfriend, Chris Hardy, who was 22 years old, picked up the girls in his car and drove to a house, where they met the defendants, Gary Beck, age 21, and Mark Gafford, age 24. Subsequently, Hardy and Beck gave money to Gafford, who purchased alcohol and brought it back to the group. All five persons, including the underage girls, were drinking outside the house. Beck later told police that Courtney was visibly “getting drunk” at this time. The group then drove in Hardy’s vehicle to Walbrook Park. The defendants later stated that during the ride, they were fondled by Courtney.
At the park, Angela and Hardy walked together away from the ear, while Courtney remained in the vehicle with the adult defendants, who separately engaged in sex with the girl. Angela stated that during her walk with Hardy, she rebuffed his sexual advances and returned to the car. The witnesses gave differing ^accounts of the following events. Angela told police that she pulled Beck away from Courtney while he was having sex with the undressed girl in the ear.
However, in separate interviews, the defendants told police that Beck first engaged in sexual intercourse with the girl, followed by Gafford. Beck stated that when Angela returned to the vehicle, she came upon the scene of Gafford having sex with Courtney and merely said that she was ready to go. Gafford denied that Angela had pulled him away from the girl. Courtney did not have any memory of the incident.
Hardy later said that when the door was opened, Courtney fell out of the car onto the ground. He stated that Angela became upset, that he asked the defendants what had happened, and that in the commotion, he fired his gun into the air. Gafford then left the scene.
Angela attempted to dress Courtney, who was lying in the dirt, because the girl was unable to do so herself. The victim was placed into the back seat of the car and Angela, Hardy and Beck drove to Courtney’s house. The girl was removed from the vehicle, and at some point she was helped into the house. Her clothes were left on the ground as the car drove away. Courtney’s mother observed her daughter’s condition and telephoned the police.
Bossier City Police Officer Robert Brown was dispatched to the victim’s home, where he found the girl lying on her bedroom floor. Officer Brown noted that she was obviously quite intoxicated and nearly unconscious. He called the Bossier City Fire Department, which transported the girl to the LSU Medical Center emergency room. At the hospital, a police officer photographed the victim to show reported abrasions near both armpits, a bruise on the left side of her abdomen above the pubic area, a close-up of dirt particles on her back, and a large |3sore on the knuckle of her left little toe. Testing showed that the *1078 girl’s blood alcohol content was .297, which a nurse described as a toxic level.
Several hours later, when Courtney’s condition had stabilized, she was transported to the Bossier Medical Center for a sexual assault evaluation. The physician’s examination revealed that Courtney had suffered an abrasion on the right interior side of the vagina, a contusion to her left upper arm, and a small abrasion on her right nostril.
Later that same evening, Hardy’s car was observed by police and he was stopped and taken to police headquarters. During questioning, Hardy told police that the defendants were the other persons involved in the incident. Police officers contacted the defendants and transported them to the police station, where they were informed of their rights.
Beck stated under questioning that he had given money to Gafford to purchase alcohol, that the girls were drinking and that Courtney became visibly intoxicated. Beck admitted that at the park, he had removed the girl’s pants and engaged in sexual intercourse with the victim. Beck said that after he finished, he left the ear and Gafford immediately entered the vehicle to have sex with the girl. Beck stated that he did not know the girl was a minor and that he was sorry about what had happened.
In his interview with police, Gafford admitted that he gave alcohol to the girls and that he had engaged in sex with the victim. Gaf-ford stated that he was not aware that the girl was thirteen years old, that he was sorry this had happened and that it was a misunderstanding.
The defendants were arrested and initially charged with simple rape. Subsequently, defendants were charged by bill of information with carnal |4knowledge of a juvenile. After the filing of defendants’ motions to quash, they were charged by an amended bill of information with simple rape. Pursuant to a plea agreement, each defendant pled guilty to indecent behavior with juveniles.
The district court sentenced Gafford to serve six years imprisonment at hard labor and Beck to serve seven years imprisonment at hard labor. Both sentences were imposed without good time consideration. The defendants’ motions for reconsideration of sentence were denied. Defendants filed separate appeals. This court, on its own motion, directed that the appeals be consolidated. State v. Gafford, 30,424-KA & State v. Beck, 30,425-KA (La.App.2d Cir. 8/28/97).
DISCUSSION
The defendants argue the district court erred in imposing unconstitutionally excessive sentences. Defendants contend the district judge mistakenly found that they struck the victim and failed to consider the presence of mitigating factors.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in LSA-C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary where the record shows a sufficient factual basis for the sentence imposed, even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Here, prior to imposing sentence, the district court reviewed a pre-sentence investigation (PSI) report and considered the fact that the defendants were first felony offenders. However, the court noted the young age of the victim and that she had sustained physical injuries. During sentencing of each defendant, the district judge stated his finding that the defendants had held the girl down and that at least one of them had hit the victim during sex. At a subsequent appeal bond hearing, the district court further stated that defendants had beaten up the victim Rand thrown her from an automobile.
The foregoing statements indicate that a significant consideration in the district judge’s imposition of sentence was his belief that defendants had physically beaten the victim. Although the officer who first responded to the rape complaint wrote in his summary of the event that the victim was beaten and thrown from a car, the transcripts of witness interviews describing the incident do not corroborate that initial report. In addition, the prosecutor twice pre *1079 sented to the district court a recitation of facts concerning the incident, but did not state that the victim was battered.
Based upon this record, the district judge should not have concluded that the girl’s injuries were caused by blows delivered by one or both of the defendants. The district court evidently sentenced defendants on the basis of considerations not sufficiently established in this record. Consequently, the district court erred to the extent that it considered such unsupported acts as aggravating factors in its sentencing of defendants.
When the sentences were imposed, the district judge did not mention any specific facts about either defendant. The court did not provide, nor did the PSI reports contain, any information about the defendants’ personal history or the likelihood of their rehabilitation. In addition, the district court failed to mention the presence of several mitigating factors, including the fact that defendants were employed, that they had expressed regret about the incident, and that the defendants did not have any prior criminal convictions.
We also note that although both defendants were guilty of essentially identical behavior, the district court sentenced Beck to serve a longer sentence. However, the district judge failed to adequately specify for the record the reasons |6for the imposition of this additional year.
As previously noted, a significant consideration in the district court’s sentencing of defendants is not sufficiently supported by the record. Therefore, we must vacate the sentences and remand this matter to the district court for resentencing. Upon remand, the district court should comply with LSA-C.Cr.P. art. 894.1, which requires taking into account mitigating factors and the articulation of an accurate factual basis in determining the appropriate sentence to be imposed.
CONCLUSION
For the foregoing reasons, we affirm the convictions of the defendants, Mark Gafford and Gary Beck. Their sentences are vacated and this case is remanded to the district court for resentencing.
CONVICTIONS AFFIRMED; SENTENCES OF GAFFORD AND BECK ARE VACATED AND CASE REMANDED FOR RESENTENCING.
BROWN, J., for reasons stated would affirm both conviction and sentence.