JjBROWN, C.J.
Although arrested for aggravated rape, defendant, Juan De Leon Juarez, reached an agreement with the prosecutor and was charged with and pled guilty to sexual battery. He was sentenced to ten years at hard labor with credit for time served. Defendant has appealed his sentence as excessive. We affirm.

Discussion

On November 26, 2003, defendant entered the bedroom of R.S., a mentally challenged female, while she was sleeping, and engaged in nonconsensual sex with her. Defendant was arrested for aggravated rape. As a result of a plea agreement, he was charged with and pled guilty to sexual battery.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A defendant’s reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant’s conduct. State v. Lanclos, 419 So.2d 475 (La.1982).
Defendant benefited from the plea bargain which reduced his sentencing exposure from a mandatory life term for aggravated rape to only ten years. The victim, who was mentally challenged, was among the most | ^vulnerable in our society. The trial court imposed a sentence of ten years at hard labor. Considering the record, we do not find the maximum sentence for sexual battery to be constitutionally excessive in this case.
In our error patent review, we note that the sentence imposed is illegally lenient in that the trial court failed to order it to be served without benefit of parole, probation, or suspension of sentence as required by La. R.S. 14:43.1. Defendant’s ten-year hard labor sentence will be served without benefit and this will be automatically corrected by operation of La. R.S. 15:301.1.

Conclusion

Defendant’s sentence is to be served without benefit of parole and as amended, the conviction and sentence are AFFIRMED.