MOORE, J,
Concurring in Part and Dissenting in Part.
| ¶While I fully concur in the majority’s analysis of the sufficiency of the evidence claim, I must respectfully dissent from its treatment of the sentencing issue.
The sentencing judge’s colloquy, which occupies not quite 2 ⅛ pages of transcript and must have consumed less than one minute of real time, sweeps away any pretense of compliance with La. C. Cr. P. art. 894.1 and, in my view, ignores the concept of stating a factual basis for sentence. Ordinarily, we forgive noncompliance with Art. 894.1 by citing State v. Lanclos, 419 So.2d 475 (La.1982), and finding an “adequate factual basis” elsewhere in the record, such as trial evidence and the pleadings. See, e.g., State v. Bowers, 42,390 (La.App. 2 Cir. 9/19/07), 965 So.2d 959, writ denied, 2007-2055 (La.3/14/08), 977 So.2d 929, and other cases too numerous to cite.
On this record, however, minimal compliance should not be condoned. The sentencing judge was not the same judge who presided over Cass’s two-day trial. He stated that he “reviewed the cases involving Mr. Cass” and Art. 894.1, but gave no indication that he reviewed the record itself — a record which, the majority concedes, provides several mitigating factors. On this minuscule showing, I am not convinced that the sentencing judge truly particularized this sentence to this offender.
Specifically, the sentencing judge should consider not only Cass’s serious criminal history and second-felony status (his prior offenses arose from a horrific September 1974 crime spree for which he served 30 years in 12Angola) and society’s official revulsion toward marijuana merchants, even small-timers. The judge should also consider the relatively small amount involved (under 1½ ounces), Cass’s military record and family ties, and perhaps most importantly, his age and general health. Even though it is clearly within the statutory limits, the 40-year sentence is tantamount to a life term for this nearly 58-year-old defendant. The judge should state what societal goals are served, and at what cost, by imprisoning this defendant for the rest of his life. See, e.g., State v. Jackson, 2009-2406 (La.1/19/11), fn. 3, 55 So.3d 767 (Knoll, J, dissenting).
I would vacate this sentence and remand to the district court for a sentence hearing that complies with Art. 894.1 and demonstrates at least a passing familiarity with the facts of the offense and the circumstances of the defendant.