Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,592-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

BERNARD GRANT A/K/A                         Appellant
LUCIUS B. CUMMINGS

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 377,600

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Holli Herrle-Castillo

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
ROSS S. OWEN
Assistant District Attorneys

* * * * *

Before COX, THOMPSON, and ELLENDER, JJ.

**THOMPSON, J.**

Bernard Grant, a parolee and serial recidivist, was arrested on multiple drug and firearm charges when he was discovered in a motel room with a firearm and the necessary scales and packaging to distribute the cocaine and methamphetamine also present. A unanimous jury convicted Grant of five counts, including charges arising from possession with intent to distribute the drugs and possession of a firearm, and he was sentenced to the maximum sentences on each of his five counts. Grant originally appealed his sentences, which this Court vacated and remanded because the trial court failed to observe the 24-hour delay mandated between the denial of Grant's post-trial motions and his sentencing. On remand, the trial court resentenced Grant to the same maximum sentences on each of his five counts. Grant now appeals these sentences claiming each to be constitutionally excessive. Finding the trial court to have adequately considered the aggravating and mitigating factors set forth in La. C. Cr. P. art. 894.1 in fashioning Grant's sentences, we affirm.

## FACTS

Bernard Grant, a/k/a Lucius B. Cummings (hereinafter "Grant"), appeals as excessive the length of his sentences for the crimes outlined below, when he was resentenced by the trial court after having his similar sentences vacated. On December 14, 2022, this Court affirmed his convictions, but vacated his original sentences and remanded the matter for resentencing because the trial court failed to observe the 24-hour delay between the denial of Grant's motions for new trial and post-verdict judgment of acquittal and his sentencing, pursuant to La. C. Cr. P. art. 873. *State v. Grant*, 54,847 (La. App. 2 Cir. 12/14/22), 352 So. 3d 179. On May

15, 2023, Grant was resentenced, and the trial court imposed the following

sentences, which mirrored the previous sentences it handed down:

1. Possession with intent to distribute Schedule II CDS, less than 28 grams, Methamphetamine: 10 years at hard labor.

2. Illegal carrying of weapons while in possession of a CDS: 10 years at hard labor without benefit of probation, parole, or suspension of sentence.

3. Possession of a firearm or carrying a concealed weapon by a convicted felon: 20 years at hard labor without benefit of probation, parole, or suspension of sentence.

4. Possession of Schedule II CDS, less than 2 grams, cocaine: 2 years at hard labor.

5. Possession of Schedule I CDS, less than 14 grams, synthetic marijuana: 15 days in the parish jail.

The trial court ordered that the hard labor sentences be run concurrently with

each other, but consecutively with any other sentence, with credit for time

served.

The facts of the incident resulting in these convictions were detailed

thoroughly in this Court's original opinion. Importantly, on August 4, 2020,

Shreveport Police Detective Richard Turpin and Detective Donald Bellanger

arrested Bernard Grant in his motel room at the Cajun Inn in Shreveport,

Louisiana, in the course of their investigation of a stolen GMC Yukon. On

that occasion, Grant opened the door to his motel room for detectives,

identified himself by name, and granted permission for the detectives to

enter. The detectives told Grant they were conducting an investigation and

advised him of his *Miranda* rights. The detectives proceeded to question

Grant about the GMC Yukon located on scene. Grant provided the name of

the vehicle's owner and indicated the keys were on the table next to the bed.

In plain view in the room on the bed were scattered clear plastic baggies of

2

what appeared to be crystal methamphetamine. Detective Turpin then handcuffed Grant for the drug violation. In response to questioning, Grant said the drugs on the bed were not his, that there were no other drugs in the room, and that he did not own a gun. Grant gave permission for the detectives to search the room. During their search, detectives found a backpack on the bed containing clear plastic baggies of crack cocaine, another bag containing more crystal methamphetamine, a jewelry box containing suspected marijuana, a plastic tray, and a digital scale. Inside a duffel bag, the detectives found clothing Grant identified as his and a loaded Ruger .22 semiautomatic handgun. The instant charges followed for Grant's possession of and intent to distribute the drugs, and the charges arising from his possession of the firearm.

At Grant's trial on June 15 and 16, 2021, Detective Turpin testified the amount of the drugs, the presence of the digital scale, and the packaging were consistent with distribution of drugs. Detective Bellanger likewise testified the scale, the gun, the different types of drugs, and the different methods of packaging were consistent with intent to distribute drugs. Forensic chemistry expert Randall Robillard from the North Louisiana Crime Lab testified that he tested the evidence, including a sample from one of the 11 bags of a white substance, and that it tested positive for methamphetamine, and that a separate bag of a different white substance tested positive for cocaine. Robillard's crime lab report was admitted as evidence at trial. Chris Burg, Grant's probation and parole supervisor at the time of his arrest, testified that he supervised Grant's parole for a 2005 conviction for possession with intent to distribute a Schedule II CDS. Burg stated Grant had previously been advised and was aware he was not allowed

3

to possess a firearm, and that Grant was under active parole supervision at the time of his arrest and subsequent trial. At the conclusion of the two-day trial, the unanimous jury found Grant guilty of all five of the original charges.

On August 26, 2021, Grant filed a motion for new trial and a motion for post-verdict judgment of acquittal, both of which were denied by the trial court at a hearing. On that same day, the trial court denied Grant's most recent motions and sentenced him on all counts. The sentences were all ordered to run concurrent with each other, resulting in a total maximum sentence of 20 years, but consecutive to any other sentence that the defendant might be serving. Grant appealed his original sentences by the trial court, as outlined in *State v. Grant, supra.* In his first appeal this Court affirmed the convictions, vacated the sentences due to the trial court's failure to observe the 24-hour delay between the denial of Grant's motions for new trial and post-verdict judgment of acquittal and sentencing, in accordance with La. C. Cr. P. art. 873, and remanded the matter to the trial court for Grant to be sentenced.

On May 15, 2023, the trial court again sentenced Grant. At that hearing, the trial judge stated on the record that she had carefully considered all of the mitigating factors of La. C. Cr. P. art. 894.1 in arriving at the sentence to be imposed, and noted that she was familiar with Grant and these charges as it was the third time Grant had been before her regarding sentencing on this matter.[1] The trial judge noted that, in addition to considering the mitigating factors, she had ample opportunity in making her

---

[1] On April 3, 2023, Grant first appeared for resentencing. Grant continually interrupted the trial judge, resulting in his resentencing hearing being reset.

4

determination to review the aggravating factors regarding Grant's sentencing, which included his extensive criminal history. Grant was sentenced by the trial court to 10 years' imprisonment at hard labor for the possession with the intent to distribute Schedule II CDS, less than 28 grams of methamphetamine; 10 years' imprisonment at hard labor without the possibility of probation, parole, or suspension of sentence for illegal possession of a firearm while in possession of a CDS; 20 years' imprisonment at hard labor without the possibility of probation, parole, or suspension of sentence for possession of a firearm by a convicted felon; two years' imprisonment at hard labor for possession of Schedule II CDS, less than two grams of cocaine; and 15 days in the parish jail for possession of synthetic marijuana. The trial court ordered that the hard labor sentences be run concurrently with each other – which was a benefit to Grant – with credit for time served. Grant now appeals as excessive his sentences.

## DISCUSSION

On appeal, Grant asserts one assignment of error:

**<u>Assignment of Error No. 1</u>:** The trial court imposed the maximum sentences for the convictions in this case. Although the sentences fall within the statutory range, the sentences were excessive.

Grant argues that although his sentences are within the statutory ranges set forth by the legislature on each count, they are the maximum sentences, and should therefore be considered constitutionally excessive. Grant asserts that during the course of the investigation, he was fully compliant with the detectives; he granted them permission to come inside the motel room and speak to him, and cooperated in the investigation of the stolen GMC Yukon. Grant notes that he did not attempt to flee, he was not observed in actual possession of the illegal items, and he did not resist arrest.

5

Grant argues that the trial court should consider more favorably these mitigating factors, and that his actions and interactions with law enforcement that evening do not support maximum sentences.

Grant acknowledges that the trial court stated the sentences were not cruel and unusual because he was advised of the penalty ranges before he elected to go to trial, and he expressed an understanding that his sentences might be substantial. However, Grant contends that the State requested the maximum sentences and did not offer him any type of plea agreement with lesser sentences, rendering his awareness of the maximum potential sentences irrelevant. Grant focuses his argument on the position the trial court did not adequately consider the mitigating factors contained in La. C. Cr. P. art. 894.1 in arriving at the maximum sentences. We disagree.

The law concerning excessive sentences is well-settled; claims are reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *Id.* The goal of Art. 894.1 is to articulate an adequate factual basis for the sentence, not to achieve rigid or mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081. There is no requirement that any specific factor be given any particular weight at sentencing. *State v. Taves*, 03-0518 (La. 12/3/03), 861 So. 2d 144. The record reflects the trial court was aware of and considered

6

the mitigating factors in favor of Grant, as well as the aggravating considerations in determining his sentences.

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Efferson*, 52,306 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1153, *writ denied*, 18-2052 (La. 4/15/19), 267 So. 3d 1131. To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. *Id.*; *State v. Griffin,* 14-1214 (La. 10/14/15), 180 So. 3d 1262. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *Id.*; *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id; State v. McKeever*, 55,260 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1156.

The record contains ample facts to support the sentences imposed. The trial court stated that the maximum sentences were imposed based upon the record, the factors contemplated by La. C. Cr. P. art 894.1, and Grant's criminal history that included similar prior charges. The record also reveals the trial court was aware that Grant had a long and continued history of

7

criminal activity and convictions. At the time of his arrest for these convictions, Grant was 50 years old and his criminal record spanned over 30 years. His prior arrests and convictions included, but were not limited to: armed robbery, aggravated battery, distribution of marijuana, possession of cocaine, possession of a firearm by a convicted felon, and domestic abuse battery. Another important consideration was that Grant was arrested for the convictions he is currently appealing while he was already on parole. We are convinced that Grant's extensive recidivism deserved the classification of him by the trial court as a defendant worthy of being cast as a "worst offender" for these crimes, since the record shows that he has continued to devote consistent efforts to deal in drugs and possess firearms in pursuit of those endeavors since 1989. We find Grant's assignment of error as to the excessiveness of his sentences to be without merit and hereby affirm each of his sentences.

## CONCLUSION

For the foregoing reasons, we affirm Bernard Grant's convictions and sentences.

**AFFIRMED.**