Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,070-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CONTRAVIOUS PATTERSON                       Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Claiborne, Louisiana
Trial Court No. 33,847

Honorable Walter E. May, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Peggy J. Sullivan

CONTRAVIOUS PATTERSON                    Pro Se

DANIEL W. NEWELL                         Counsel for Appellee
District Attorney

DANIEL N. BAYS, JR.
JAMES HENRY COLVIN, JR.
P. NELSON SMITH, JR.
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ROBINSON, JJ.

**PITMAN, C. J.**

Defendant Contravious Patterson was convicted of aggravated battery and now appeals his sentence of 15 years at hard labor, which was enhanced because he was adjudicated a second felony habitual offender.  For the following reasons, we affirm the sentence but amend to impose the sentence without benefit of probation or suspension of sentence and with instructions concerning post-conviction relief.

## FACTS

On February 22, 2021, Defendant was charged with aggravated second degree battery, a violation of La. R.S. 14:34.7, in that on December 22, 2021, he did intentionally inflict serious bodily harm upon Darrell Patterson with a dangerous weapon, i.e., a knife.  In May 2023, the state filed an amended bill and corrected the date of the incident to December 4, 2021.

In April 2023, the state informed the trial court that Defendant was offered two different plea bargain agreements and rejected both. The state advised that Defendant had two other felony convictions within the cleansing period of the habitual offender statute and noted that it would be filing an amended bill to enhance the sentence.  The trial court informed Defendant that the rejection of the plea bargain agreements could result in a sentence of 15 years or more if found guilty at trial.  Defendant stated that he understood, and the trial was set.

A six-person jury was seated.  Patterson, the victim, testified that on December 4, 2021, he attended a birthday party at the home of his sister, Amanda, in Claiborne Parish.  Defendant is Amanda's son.  He stated that he was outside cooking when Defendant, without provocation, rushed up

behind him and grabbed him.  He pushed Defendant off and then noticed that he had been "stuck" in the upper left shoulder in the back.  After he was told he was bleeding, he saw a knife with a black handle that looked like one used at the chicken processing plant.  An ambulance arrived and took him to the hospital in Shreveport.

Defendant was found guilty of the responsive verdict of aggravated battery, a violation of La. R.S. 14:34, on May 16, 2023.  On May 23, 2023, the state filed an amended bill of information to adjudicate him a second felony habitual offender as set forth in La. R.S. 15:529.1.  The state charged that in addition to his conviction for aggravated battery, he had been previously charged in Webster Parish, criminal docket number 91,633, with aggravated battery and simple robbery.  On August 29, 2016, he pled guilty to the amended charge of second degree battery, a violation of La. R.S. 14:34.1.  He was sentenced to five years at hard labor, with all but six months suspended, and was placed on five years of active supervised probation and ordered to pay restitution.  That probation was revoked on July 2, 2018, a period of less than five years before the date of the commission of the current offense or expiration of the correctional supervision for the previous conviction.

Defendant filed a "Motion for New Trial in Arrest of Judgment" and a "Motion for Post Verdict Judgment of Acquittal."  Both motions were denied after a hearing on August 8, 2023.  Defendant also filed a motion to quash the habitual offender bill, which was denied.

At the same hearing the trial court considered the habitual offender charge.  The state provided the court with the pertinent record of docket

2

number 91,633 of the Twenty-Sixth Judicial District Court, including Defendant's guilty plea to the charge of second degree battery.

Charles Herman, probation and parole officer in Minden for the State of Louisiana, testified that he began supervising Defendant on August 3, 2021, after Defendant pled guilty to second degree battery in Webster Parish. Herman testified to the sentence previously imposed and stated that Defendant "went off paper" on December 22, 2021, meaning he supervised him from August 3, 2021, until that date.

Jacqueline Williams appeared for Defendant and explained that she had raised him, that he was enrolled in special education classes and that he received supplemental social security income for his disability. She asked for leniency in his sentencing. A presentence investigation ("PSI") report was ordered.

On August 24, 2023, the sentencing hearing was held. The trial court considered the PSI report, noted all considerations for La. C. Cr. P. art. 894.1 and gave a detailed explanation of the dates of the earlier crimes and probation revocation.

The trial court stated that as a second felony offender, Defendant's sentence under La. R.S. 15:529.1 was for a determinate term, not less than one-third of the longest term and not more than twice the longest term prescribed for a first conviction. The penalty for the crime of aggravated battery, La. R.S. 14:34, is imprisonment with or without hard labor for not more than ten years. Thus, Defendant's sentence in this matter as a second felony offender was to be not less than 3.33 years nor more than 20 years.

The trial court sentenced Defendant to 15 years at hard labor but failed to note that as an enhanced sentence it was to be served without

benefit of probation or suspension of sentence. Defendant was ordered to pay a $150 fee for the PSI report upon his release, and the trial court noted that the sentence was enhanced as a result of his second felony offense. The PSI report was filed in the record. The trial court did not inform Defendant of the time limit within which to file for post-conviction relief. A motion to reconsider sentence was filed but was denied. Defendant appeals his sentence as excessive.

## DISCUSSION

In his sole assignment of error, Defendant argues that the trial court imposed an excessive sentence. He argues that given the facts and circumstances of this case, the sentence imposed is constitutionally harsh and is no more than a needless imposition of pain and suffering. Further, he argues that society receives no benefit from imprisoning him for 15 years.

The state contends that there is no error in the sentencing by the trial court. The elements of the crime of aggravated battery were proven, and the enhanced sentence pursuant to the adjudication as a second felony offender was proper.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the statute. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Collins*, 54,280 (La. App. 2 Cir. 3/9/22), 334 So. 3d 1098. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475

4

(La. 1982); *State v. Collins*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Collins*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, *supra*; *State v. Collins*, *supra*.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Knight*, 54,236 (La. App. 2 Cir. 3/9/22), 335 So. 3d 502*, writ denied*, 22-00764 (La. 9/7/22), 345 So. 3d 426.

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court

does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

La. R.S. 14:34(B) states that whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.

La. R.S. 15:529.1(A) concerns sentences for second and subsequent offenses and states that any person who, after a previous felony conviction is convicted of another felony, shall be punished as follows:

> If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

La. R.S. 15:529.1(G) requires a mandatory imposition of a sentence at hard labor without benefit of probation or suspension of sentence.

During sentencing, the trial court noted it had reviewed the guidelines of La. C. Cr. P. art. 894.1 and determined no mitigating circumstances were found. The trial court also reviewed Defendant's criminal history and noted that a term of imprisonment at hard labor was appropriate in the case in that there was an undue risk that he would commit another crime. The trial court also found Defendant in need of correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of his crimes. The trial court noted that Defendant had used a dangerous

6

instrument, a knife, in his attack on his victim and that he could have inflicted great bodily harm.

The trial court's imposition of 15 years at hard labor was not excessive and was not an abuse of discretion. The imposition of a 15-year sentence does not shock the sense of justice and is not constitutionally excessive. For these reasons, we affirm Defendant's sentence.

**ERRORS PATENT**

A review of the record indicates that the trial court failed to impose the sentence without benefit of probation or suspension of sentence as required by La. R.S. 15:529.1(G). Although this is mandatory, the error is harmless and is self-correcting. *See State v. Thomas*, 52,617 (La. App. 2 Cir. 5/22/19), 272 So. 3d 999, *writ denied*, 19-01045 (La. 2/10/20), 292 So. 3d 61.

We also note that pursuant to La. C. Cr. P. art. 930.8(C), the trial court is required to inform Defendant of the limitation period for filing an application for post-conviction relief. The record shows that the trial court did not inform Defendant of this limitation period. *State v. Leary*, 627 So. 2d 777, (La. App. 2 Cir. 1993), *writ denied*, 635 So. 2d 237 (La. 1994). This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. *Id.* Defendant is advised by this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. P. arts. 914 and 922. La. C. Cr. P. art. 930.8; *State v. Henry*, 42,416 (La. App.

7

2 Cir. 9/19/07), 966 So. 2d 692, *writ denied sub nom. State ex rel. Henry v. State*, 07-2227 (La. 8/29/08), 989 So. 2d 95.

We order that the minutes of the trial court be corrected to include the imposition of the sentence being served without benefit of probation or suspension and the instructions regarding post-conviction relief.

## CONCLUSION

For the reasons set forth above, the conviction and sentence of Defendant Contravious Patterson are affirmed, and his sentence is amended to be served without benefit of probation or suspension of sentence in accordance with La. R.S. 15:529.1(G).  Further, Defendant is hereby notified of the two-year time limit within which to seek post-conviction relief.  La. C. Cr. P. art. 930.8(C).  The trial court is directed to give the appellant written notice of the prescriptive period for applying for post-conviction relief within ten days of the rendition of this opinion and file proof of Defendant's receipt of such notice in the record of the proceedings.

**CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED, WITH INSTRUCTIONS.**