STEWART, J.
liThe defendant, Drew Kilgore,[1] pled guilty to negligent homicide, in violation of La. R.S. 14:32, and was sentenced to five years at hard labor. The defendant appeals his sentence, arguing that it is unconstitutionally excessive. For the reasons set forth in this opinion, we affirm the defendant’s conviction and sentence.
FACTS AND PROCEDURAL HISTORY
On August 9, 2013, the defendant and Luke Ferguson were charged, via bill of information, with manslaughter. The state alleged that the defendant and Ferguson committed the offense of manslaughter by killing William Sheppard, without any intent to cause death or great bodily harm, contrary to La. R.S. 14:31. The defendant initially entered a plea of' not guilty on August 12, 2013. However, pursuant to a plea agreement, the defendant pled guilty to the lesser included charge of negligent homicide, with an agreement that his entire sentence would not be suspended. A presentence investigation was ordered.
According to the factual statement taken during the guilty plea hearing, the defendant and Ferguson went to Sheppard’s residence on July 10, 2013. They coaxed Sheppard outside, where the defendant initiated a conversation with him. As Sheppard sat on the steps of his residence, the defendant watched Ferguson hit Sheppard with the leg of a table that they had placed inside of the house. The defendant left without assisting Sheppard, even though he was aware of his grave condition. *1122 Sheppard succumbed to the injuries he sustained from the beating the following day.
laOn June 13, 2014, the district court sentenced the defendant to five years at hard labor. The defendant filed a motion to reconsider sentence, which was denied. He now appeals.
LAW AND DISCUSSION
In his sole assignment of error, the defendant argues that his five-year sentence is excessive. He argues that his sentence is unjust, considering his age, his first offender status, and his drug problems. He further argues that he was trying to protect his mother, and that her influence caused him to act criminally and against his best interest.
The test for reviewing an excessive sentence claim is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered include the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Haley, 38,258 (La.App. 2d Cir. 4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. Where the record clearly shows an adequate factual basis for the sentence imposed, [3remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,-350 (La.App. 2d Cir. 8/13/08), 989 So.2d 267. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. I, § 20 if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Free, 46,894 (La.App. 2d Cir. 1/25/12), 86 So.3d 29. Absent a showing of manifest abuse of discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir. 5/12/04), 873 So.2d 939.
|4La. R.S. 14:32(0(1) provides that a person convicted of negligent homicide shall be imprisoned with or without hard labor for not more than five years, fined *1123 not more than five thousand dollars, or both.
Here, the court reviewed the facts of this case and the presentence investigation report that contained both aggravating and mitigating factors. Mitigating factors considered by the trial court included the defendant’s young age, that this was his first felony offense, and that his motivation was “to protect [the defendant’s mother] in what the [defendant] perceived were unwarranted advances and to remove certain people from her home.” The defendant was 18 years old and in the 12th grade at the time of the offense. The trial court considered the defendant’s social history, that he attended church and worked on the weekends as a painter.
Aggravating factors considered by the trial court included the defendant’s juvenile record and history of drug abuse. He had previously been incarcerated. The trial court also noted that the defendant and Ferguson initiated the attack on the victim when the defendant’s mother had already left the home to remove herself from the victim’s presence.[2] The defendant and Ferguson’s acts of placing the weapon within reach, and luring the victim out on the porch proved that the act was prearranged.
After considering the defendant’s age, the nature of this offense, and his drug problems, the trial court imposed the maximum sentence of five years at hard labor. The defendant received a substantial reduction in his sentencing exposure through his plea bargain. In cases where a defendant | Bhas pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in his potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2d Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984). The defendant could have been sentenced to as much as 40 years at hard labor, had he been convicted of manslaughter. This sentence does not shock the sense of justice, nor is it disproportionate to the severity of the offense. The trial court adequately considered all of the aggravating and mitigating factors when tailoring its sentence for the defendant. After a careful review of the record, we find that the trial court did not abuse its discretion in imposing that sentence. Therefore, this assignment of error is without merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Drew Kilgore is also referred to as Dakoda Drew Kilgore in the record.

. The defendant’s mother had moved out of that home and moved in with her ex-husband at a deer camp before the offense occurred.