Judgment rendered May 25, 2022..
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,395-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

KENDRICK WAYNE JONES                        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 364691

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Paula Corley Marx

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

ROSS S. OWEN
ERICA N. JEFFERSON
REBECCA A. EDWARDS
Assistant District Attorneys

* * * * *

Before STEPHENS, ROBINSON, and HUNTER, JJ.

**STEPHENS, J.**

This criminal appeal by the defendant, Kendrick Wayne Jones, arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Following a jury trial, Jones was convicted of possession with intent to distribute a Schedule I controlled dangerous substance; possession with intent to distribute a Schedule II controlled dangerous substance; and, illegal carrying of weapons while in possession of a controlled dangerous substance and sentenced to total of 20 years at hard labor. He now appeals, arguing his sentence is excessive. For the following reasons, Jones' sentences are vacated, and the matter is remanded to the trial court for resentencing.

## FACTS AND PROCEDURAL HISTORY

On February 10, 2019, the Shreveport Police Department responded to the residence of Betty White. Betty had called the police after defendant, who had been in a romantic relationship with her daughter, came to Betty's home with a gun after he had been previously informed he was not welcome. Jones, who was eventually located in a nearby field, attempted to flee, but was ultimately apprehended by law enforcement officers. He was found to be in possession of a Mason jar filled with 59 individual packages of marijuana, a separate package containing 180 pills of suspected methamphetamine, and a loaded .40-caliber handgun.

Jones was arrested and charged by bill of information with Count 1: possession with intent to distribute a Schedule I controlled dangerous substance (marijuana) of less than 2½ pounds, in violation of La. R.S. 40:966(A)(1) and (B)(2)(a); Count 2: possession with intent to distribute a Schedule II controlled dangerous substance (methamphetamine) of 28 grams or more, in violation of La. R.S. 40:967(A)(1) and (B)(1)(b); and, Count 3:

illegal carrying of weapons while in possession of a controlled dangerous substance (methamphetamine), in violation of La. R.S 14:95(E).[1]

A jury trial commenced on October 21, 2019, after which unanimous verdicts of guilty as charged were returned on all three counts. Notably, Jones was present with counsel for the first day of trial, wherein the jury was selected and sworn, but he failed to appear for the remainder of the trial. Following Jones' subsequent arrest and delays related to the COVID-19 pandemic, on October 20, 2020, Jones filed motions for new trial and post-verdict judgment of acquittal, which were both denied by the trial court. Thereafter, on February 2, 2021, the trial court imposed the following concurrent sentences: Count 1, eight years at hard labor; Count 2, 20 years at hard labor; Count 3, ten years at hard labor to be served without benefit of probation, parole, or suspension of sentence. Jones received the maximum

---

[1] It shall be unlawful for any person to knowingly or intentionally produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I. La. R.S. 40:9669(A)(1). Any person who violates Subsection A of this Section with respect to a substance classified in Schedule I which is marijuana for an amount of an aggregate weight of less than two and one half pounds, shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years, and pay a fine of not more than fifty thousand dollars. La. R.S. 40:966(B)(2)(a).

It shall be unlawful for any person to knowingly or intentionally produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II. La. R.S. 40:9679(A)(1). Any person who violates Subsection A of this Section with respect to a substance classified in Schedule II for an amount of an aggregate weight of twenty-eight grams or more, shall be imprisoned at hard labor for not less than one year nor more than twenty years and may, in addition, be fined not more than fifty thousand dollars. La. R.S. 40:967(B)(1)(b).

If an offender uses, possesses, or has under his immediate control a firearm, while unlawfully in the possession of a controlled dangerous substance except the possession of fourteen grams or less of marijuana, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence. La. R.S. 14:95(E).

sentences on Counts 2 and 3, whereas the maximum he could have received on Count 1 was ten years.

In sentencing Jones on Count 1, the trial court stated it had considered all of the factors pursuant to La. C. Cr. P. art. 894.1. Additionally, after imposing the remainder of Jones' sentences and informing him of his right to post-conviction relief, the trial judge stated the following on the record:

> The court has considered all of the evidence from the jury trial as well as the motions that were filed after the jury trial and the evidence that was submitted at the trial as well. Like I said, I contemplated 894.1 looking at the penalty ranges and I think that based on the facts, that these are fair and equitable sentences with regard to that.

Notably, immediately prior to the imposition of Jones' sentences, the court and counselors for the State and Jones discussed the timeline regarding Jones' last conviction in 2005 for felon in possession with a firearm, including the 12½-year sentence he received, his release date, which Jones claimed was in 2011, and that, according to his rap sheet, his supervision ended in 2017.

Jones filed a timely motion to reconsider sentence, which the trial court denied on July 1, 2021. In its written ruling denying Jones' motion, the trial court noted each of Jones' sentences fall within the statutory sentencing range and asserted the maximum sentences imposed were within its discretion and allowable by law. The trial court also pointed out that it had exercised leniency by ordering the three sentences to run concurrently. This appeal by Jones ensued.

## DISCUSSION

In two related assignments of error, Jones asserts his sentence is constitutionally excessive. He argues the trial court failed to provide

3

sufficient reasons for the imposition of near-maximum and maximum sentences and notes the trial court failed to comply with La. C. Cr. P. art. 894.1. Jones further asserts the sentences imposed are unduly harsh and excessive considering mitigating factors that were not articulated at sentencing, including his personal and criminal history as well as the facts of the crime.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article in particularizing the sentence to the defendant. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. West*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. West*, *supra*. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 2007-0144 (La. 9/28/07), 964 So. 2d 351. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, *supra*; *State v.*

4

*DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 2016-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 2018-0259 (La. 10/29/18), 254 So. 3d 1208.

The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Duncan*, 47,697 (La. App. 2 Cir. 1/16/13), 109 So. 3d 921, *writ denied*, 2013-0324 (La. 9/13/13), 120 So. 3d 280. Nevertheless, this discretion is not unbridled. *State v. Quebedeaux*, 424 So. 2d 1009, 1014 (La. 1982). When considered in light of the particular defendant and the circumstances of the particular crime, a sentence may be found to be excessive even if it falls within the statutory limit. *Id*. As a general proposition, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Sandifer*, 54,103 (La. App. 2 Cir. 12/15/21), 330 So. 3d 1270. Maximum sentences are generally reserved for the most egregious and blameworthy offenders in a class. *State v. Cozzetto,* 2007-2031 (La.

2/15/08), 974 So. 2d 665; *State v. Cotten*, 50,747 (La. App. 2 Cir. 8/10/16), 201 So. 3d 299. The trial court nevertheless remains in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *State v. Cook*, 1995-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764.

For his conviction of possession of marijuana with intent to distribute, Jones faced a term of imprisonment with or without hard labor of not less than one year nor more than ten years, and a fine of not more than fifty thousand dollars. La. R.S. 40:966(B)(2)(a). He was sentenced to eight years at hard labor.

For his conviction of possession of methamphetamine with intent to distribute, Jones faced a term of imprisonment at hard labor for not less than one year nor more than 20 years and a fine of not more than fifty thousand dollars. La. R.S. 40:967(B)(1)(b). He was sentenced to the maximum sentence of 20 years at hard labor.

For his conviction for the illegal carrying of a weapon, Jones faced a term of imprisonment at hard labor for not less than five years nor more than ten years without the benefit of probation, parole, suspension of sentence, and a fine of not more than ten thousand dollars. La. R.S. 14:95(E). He was sentenced to the maximum sentence of ten years at hard labor without the benefit of probation, parole, suspension of sentence.

The record in this case does not show the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1 in particularizing the sentence to Jones. Instead, the record reflects the trial court simply stated it

6

had "considered/contemplated" Article 894.1 and its factors. While the trial court was not required to consider each and every factor or apply certain weight to specific factors, the record does not reflect which, if any, factors the trial court actually considered.

Furthermore, we find the record does not contain an adequate factual basis for the sentence imposed. The record contains little to no information about Jones, including his personal life, family, education, employment background, or any other possible mitigating, or aggravating, factors. Notably, the trial court did not avail itself of the benefit of a presentence investigation to assist in its sentencing of Jones. This court was able to gather only the following pertinent information on Jones from the record: his name, date of birth, age at time of the offense—36, and criminal history. Therefore, we must conclude Jones' sentence was imposed in violation of La. C. Cr. P. art. 894.1.

Because the first prong of this court's analysis regarding the excessiveness of Jones' sentence is clearly not satisfied, discussion of the second prong is pretermitted. We cannot determine whether or not Jones is the worst and most egregious offender worthy of the maximum and near maximum sentences he received without knowing the basis on which the trial court imposed those sentences. Accordingly, Jones' sentences are vacated, and the matter is remanded to the trial court for resentencing.

## CONCLUSION

For the foregoing reasons, the sentences of defendant, Kendrick Wayne Jones, are vacated, and the matter is remanded to the trial court for resentencing.

SENTENCES VACATED; REMANDED FOR RESENTENCING.

7