Judgment rendered February 25, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,721-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JA'KAYLIN RASHARD SMITH                     Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 52,538

Honorable C. Glenn Fallin, Judge

* * * * *

LOUISIANA APPEALS AND              Counsel for Appellant
WRIT SERVICE
By: Remy V. Starns
    Michael A. Mitchell
    Douglas D. Brown

DANIEL W. NEWELL                   Counsel for Appellee
District Attorney

PATRICK C. BLANCHARD
PERRIN NELSON SMITH, JR.
Assistant District Attorneys

* * * * *

Before PITMAN, COX, and THOMPSON, JJ.

**THOMPSON, J.**

Fifteen-year-old Ja'Kaylin Smith ("Smith") got into an argument, retrieved a firearm from inside a home, returned, and attempted to shoot the 17-year-old victim. When the firearm misfired, the victim and another individual fled, but Smith cleared the misfire, ran down the victim, and shot him in the chest, killing him. Smith was arrested and charged with second degree murder but was subsequently allowed to plead guilty to the lesser charge of manslaughter, with the court to impose a sentence of between 30 years and 40 years. Although the sentence imposed was within the range agreed to in the plea agreement, Smith now appeals his sentence as excessive, arguing the court should have given greater consideration to his age and remorse over the crime. For the reasons set forth herein, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

On April 27, 2023, 15-year-old Smith and 17-year-old Deshavion Green ("Green") got into a verbal fight. There were differing witness accounts on who started the fight, but Smith went inside a home, got a firearm, and returned. He attempted to shoot Green once, but the firearm misfired. Green and another man fled the scene, but Smith chased Green. Once Smith caught up to Green, he shot him once in the chest, killing him.

Smith was indicted for second degree murder in violation of La. R.S. 14:30.1. On July 5, 2023, the trial court ordered that Smith be held and tried as an adult. After negotiations between Smith, his attorney, and the district attorney's office, Smith entered into a plea agreement, which allowed him to plead guilty to the lesser charge of manslaughter, with a sentencing range

of between 30 and 40 years at hard labor, pursuant to La. R.S. 14:31, and with the understanding the court would order a presentence investigation.

At the sentencing hearing, the trial court heard testimony from Green's aunt and stepmother. Smith's counselor also testified, stating that he had a troubled childhood, his mother had repeated incarcerations, and he had trouble with the recent loss of his grandmother. The day before the incident, Smith had witnessed his mother being arrested in what his counselor called a violent arrest. He was in mental health counseling at the time for anger management issues. Smith read a letter to the court, expressing remorse and requesting mercy. Defense counsel contended that Smith's age and provocation from the victim should be considered as mitigating factors.

The trial court imposed the maximum sentence of 40 years at hard labor with credit for time served from July 5, 2023, which was within the agreed sentencing range. In rendering its sentence, the trial court noted the district attorney's decision to amend the charge from second degree murder to manslaughter was leniency, noting that Smith could have received life in prison for a second degree murder conviction. The court also took particular note of Smith's age at the time of the crime but also remarked on the fact that another young man lost his life. The trial court denied a motion to reconsider sentence, and this appeal followed.

## DISCUSSION

In his sole assignment of error, Smith argues that his sentence was unconstitutionally excessive, particularly his 40-year maximum sentence for manslaughter.

2

**Assignment of Error: The maximum sentence of forty years for manslaughter for a first-time juvenile offender with no criminal record is excessive and an abuse of discretion.**

Appellate review of sentences for excessiveness is a two-prong inquiry. Under the first prong, the record must show that the trial court considered the factors in La. C. Cr. P. art. 894.1. The primary goal of La. C. Cr. P. art. 894.1 is for the court to articulate the factual basis for the sentence imposed, and not simply mechanical compliance with its provisions. However, if the record reflects that the trial judge adequately considered the guidelines of the article, then he is not required to list every aggravating or mitigating circumstance. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Sandifer*, 54,103 (La. App. 2 Cir. 12/15/21), 330 So. 3d 1270; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *Sandifer*, *supra*. In sentencing, the important elements which should be considered are the defendant's personal history (age, familial ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Sandifer*, *supra*. There is no requirement that specific matters be given any particular weight during sentencing. *Sandifer*, *supra*; *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351. As noted above, the trial court in the present matter expressed adequate consideration of La. C. Cr. P.

3

art. 894.1 and articulated the factual basis for Smith's sentencing. As such, this first prong of the analysis has been satisfied.

Under the second prong of the analysis, this Court must determine whether the sentence is unconstitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Mandigo*, 48,801 (La. App. 2 Cir. 2/26/14), 136 So. 3d 292, *writ denied*, 14-0630 (La. 10/24/14), 151 So. 3d 600. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *Sandifer*, *supra*. Here, Smith chased down and killed an unarmed teenager who was attempting to flee.

We recognize that a trial court maintains wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of such discretion, a sentence will not be set aside as excessive. Upon review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Weaver*, *supra; State v. Davis*, 50,149 (La. App. 2 Cir. 11/18/15), 181 So. 3d 200.

As a general proposition, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *Sandifer*, *supra*; *State v. Collins*, 53,704 (La. App. 2 Cir. 1/13/21), 309 So. 3d 974; *State v. Cotten*, 50,747 (La. App. 2 Cir. 8/10/16), 201 So. 3d 299. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply, and the trial court has

great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208; *State v. McKinney*, 43,061 (La. App. 2 Cir. 2/13/08), 976 So. 2d 802. Such is the case with Smith.

In the present matter, the imposed maximum sentence is not unconstitutionally excessive. The record reflects compliance with La. C. Cr. P. art. 894.1 by the trial court. The sentencing transcript clearly reveals that the trial court took into consideration the defendant's age, emotional state at the time of the crime, and remorse prior to sentencing. However, the trial court also noted the seriousness of the crime and that another young man lost his life. The court noted the escalation of the crime by Smith and the fact that he received a great benefit in pleading to manslaughter rather than second degree murder, which carries a mandatory minimum of life in prison. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Meadows*, *supra*. The record supports the trial court's determination that the mitigating factors presented were outweighed by the aggravating facts and circumstances of this case.

The maximum sentence imposed for Smith is also supported by the record. The record reflects that Smith got into an argument with Green, went inside a home, retrieved a firearm, and attempted to shoot Green. The firearm misfired, and when Green ran from Smith, Smith chased him down, and when he caught up to Green, Smith shot this unarmed fleeing teenager in the chest, killing him. There were several opportunities for Smith to walk

5

away from violence and prevent this incident from occurring. However, Smith took every opportunity to push forward with escalating violence, qualifying him as the worst type of offender. As the result of the plea agreement, he was allowed to plead to an offense that did not adequately describe his conduct, and he received a significant reduction in potential exposure. Thus, the chosen maximum sentence is not grossly disproportionate to the severity of the crime and does not shock the sense of justice. No abuse of the trial court's discretion has been shown. Consequently, we find that this assignment of error lacks merit.

## ERROR PATENTS

A review of the record reveals that the indictment bearing the signature of the grand jury foreperson is absent from the record. La. C. Cr. P. art. 382(A) provides in pertinent part that "an offense punishable by ... life imprisonment, shall be instituted by indictment by a grand jury." Pursuant to La. C. Cr. P. art. 383, the indictment must be "returned into the district court in open court ...." Nevertheless, Louisiana courts have held that the absence in the record of the signed indictment is a harmless error where the record otherwise reflects that a true bill was returned and where the grand jury return of indictments reflects that the indictment was signed by the grand jury foreperson. *State v. Hawkins*, 16-0458 (La. App. 4 Cir. 5/17/17), 219 So. 3d 1133; *State v. Chambers*, 16-0712 (La. App. 4 Cir. 2/15/17), 212 So. 3d 643.

Moreover, "the failure of a defendant to object to alleged deficiencies in an indictment and the failure of a defendant to file a motion to quash the indictment on that basis waives those errors." *Hawkins*, *supra*. Here, defendant did not lodge any objections on the basis of a deficient indictment,

6

nor did he file a motion to quash the indictment. The record further reflects the trial court read the bill of indictment during the defendant's arraignment. Accordingly, the absence in the record of the signed indictment is harmless in these circumstances.

The record further indicates the trial court did not advise Smith of the prescriptive period for seeking post-conviction relief, as required by La. C. Cr. P. art. 930.8(C). Therefore, we advise Smith, by way of this opinion, that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. arts. 914 or 922. *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01875 (La. 6/3/20), 296 So. 3d 1071.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Ja'Kaylin Richard Smith are affirmed.

**AFFIRMED.**

7